DEVLIN v. ATLANTIC AVE. R. Co. et al.

(Supreme Court, General Term, Second Department. July 18, 1890.)

CARRIERS—INJURY TO PASSENGER—NEGLIGENCE—SUFFICIENCY OF EVIDENCE.

While riding in defendant's horse-car, plaintiff was injured by the shaft of a wagon which collided with the car. In an action to recover for the injuries, the evidence tended to show that the two vehicles had stopped in plain view of each other in a very narrow street, and that the collision would not have occurred had the car stood still for a very short time, and permitted the wagon, which was first in motion, to get by. Held, that it was error to order a nonsuit.

Appeal from circuit court, Kings county.

An action by William Devlin against the Atlantic Avenue Railroad Company, impleaded with Cuns Haussknecht, to recover for injuries sustained in a collision between the company's horse-car and the other defendant's wagon. The court dismissed the complaint as against the railroad company, and plaintiff appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Roswell H. Carpenter, (A. H. Dailey, of counsel,) for appellant. Tracy, MacFarland, Ivens, Boardman & Platt, for respondents.

BARNARD, P. J. The evidence in this case was sufficient to go to the jury. The plaintiff was a passenger on the defendant's road, and was injured by being struck by the shaft of a wagon, which struck the defendant's car on the

side, and near the rear of the same. The car was going down Adams street. The wagon which injured plaintiff was turning from Myrtle avenue into Adams street. When the wagon got to the avenue the defendant's car was at the crossing where Adams street crosses Myrtle avenue. The car was stopped. The wagon had stopped first. The wagon started when the car stopped, and the car started at the same time. A collision was inevitable, from the position of the vehicles and the narrowness of Adams street. There was barely room in Adams street for a wagon to pass between the tracks and the curb-stone. The vehicles were in plain view of each other, and the collision seems to have happened because the driver of the car started before the wagon could get into Adams street out of Myrtle avenue. There would have been no collision if the car had stood still for a moment. The danger did not come in fact from the side, but from the front. The fact that the car had almost passed is decisive proof that a very short delay in the car would have permitted the wagon, which was first put in motion, to get by. *Breen* v. *Railroad Co.*, 109 N. Y. 297, 16 N. E. Rep. 60. The exception should be sustained, and a new trial granted, costs to abide event. All concur.